IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JACQUES C. POMEROY, *et al.*, ) | CASE NO. 12 CV 1743 |
| ) | |
| Plaintiffs, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| LINCOLN NATIONAL LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Motion of Defendant Lincoln National Life Insurance Company ("Lincoln") to Dismiss, or in the alternative, to Compel Arbitration. (ECF #5).

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs Jacques Pomeroy and the JP Agency, Inc. filed this action against Defendant Lincoln in the Court of Common Pleas for Cuyahoga County, Ohio on May 18, 2012. Lincoln removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and1446 based upon complete diversity of citizenship between the parties. In their Complaint, Plaintiffs bring causes of action against Lincoln for negligence, breach of fiduciary duty, bad faith, breach of contract, and fraud and misrepresentation. The claims arise under or relate to Mr. Pomeroy's independent

insurance broker contract with Lincoln. A copy of the contract was attached to the Complaint.[1]

Plaintiffs' claims against Lincoln arise out of a previous lawsuit in which Plaintiffs and Lincoln were named as co-defendants in an action brought by the Eleanor Schwartz Trust (the "Trust"), which purchased two life insurance policies from Plaintiffs. Plaintiffs claim that the illustrations for the Trust's policies, which were solely prepared and provided by Lincoln, were faulty and contained a number of misrepresentations, false statements and errors, including incorrect premium terms. (Compl. ¶¶ 18-19) As a result of these flawed illustrations, the Trust filed an action against Plaintiffs and Lincoln on July 19, 2007 in the Court of Common Pleas for Cuyahoga County. (Id. at ¶ 21) Just prior to the trial of the Trust's action, counsel for Plaintiffs, Lincoln and the Trust met in Greensboro, North Carolina for a settlement meeting. (Id. at ¶ 23) Plaintiffs complain that Plaintiffs were isolated while counsel for the Trust and Lincoln secretly negotiated a settlement in which Lincoln agreed to cooperate with the Trust against Plaintiffs. Further, the settlement between Lincoln and the Trust called for a "premium holiday" whereby Plaintiffs would not receive its profit from premiums on the Trust policies. (Id. at ¶¶ 24, 26 and 31) Plaintiffs and the Trust went to trial on May 18, 2011 which resulted in a verdict against the Trust and in favor of Plaintiffs. (Id. at ¶22) As a result of Lincoln's wrongful actions, Plaintiffs assert that they lost profits under the compensation arrangement in the contract, incurred expenses and fees from having to defend the Trust's action as well as incurring out of pocket

---

[1] The Agent Contract attached to the Complaint was executed by Jacques C. Pomeroy on May 31, 2005 and Mr. May, Executive Vice President of Jefferson Pilot Life Insurance Company, Jefferson Pilot Financial Insurance Company on June 1, 2005. Next to his signature, Mr. Pomeroy listed his individual social security number but did not provide any partnership or corporate tax ID number. Apparently Lincoln was formerly known as Jefferson Pilot Life Insurance Company. The Contract provides that Mr. Pomeroy is an independent contractor and not an employee of the Company.

expenses, lost profits and business opportunities and other damages. (Id. at ¶¶30-33)

After Plaintiffs filed the instant action, counsel for Lincoln sent a letter to Plaintiffs' counsel on July 9, 2012, demanding that Mr. Pomeroy withdraw the lawsuit and file an arbitration demand as required by the Contract between the parties. (ECF #5, Ex.D) The Contract attached to the Complaint contains an arbitration clause which provides that "all claims or controversies arising out of it or relating to this contract shall be settled in arbitration. This paragraph provides the exclusive remedy for any dispute that may arise between you and us." (ECF #5, Ex. A) Plaintiffs' counsel refused to withdraw this action and file an arbitration claim based on his belief that the most of the claims set forth in the Complaint do not arise under the Contract but are based on Lincoln's tortious conduct in the Trust litigation. Further, Plaintiffs assert that the arbitration clause is unconscionable based upon the inconvenient forums selected in the arbitration provision and the unequal bargaining positions of the parties. (ECF #5, Ex.F)

Lincoln seeks dismissal of all of Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) on the following grounds:

–All of the claims fail because Plaintiffs have not pleaded any legally cognizable damages;

–the tort claims, as they relate to the alleged faulty illustrations that were the subject of the Schwartz litigation commenced in 2007, necessarily accrued over four years ago and are time barred;

–the tort claims, as they relate to Lincoln's alleged secret settlement, fail because Lincoln did not have a duty, either contractually or at law, to not settle;

–the tort claims are duplicative of the breach of contract claim and are precluded as a

matter of law; and

–the breach of contract claim fails because Mr. Pomeroy does not allege that any provision of the contract between the parties was breached.

Alternatively, Lincoln states that each of Mr. Pomeroy's claims arises out of or relates to the Agent Contract and that the Contract requires that such claims be submitted to arbitration. As there is an Arbitration Agreement between the parties, the Court will first address the issue of whether any or all of these claims must be sent to arbitration.

## **DISCUSSION**

Federal law requires that courts "rigorously enforce agreements to arbitrate." See *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) (declaring a federal policy favoring arbitration) (internal citation omitted). The Federal Arbitration Act embodies "the strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 217, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Southland Corp. v. Keating,* 465 U.S. 1, 10, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). Courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration. See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); *Arnold v. Arnold*, 920 F.2d 1269, 1281 (6th Cir.1990). It is settled authority that doubt regarding the applicability of an arbitration clause should be resolved in favor of arbitration. See, e.g., *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

In accordance with Sixth Circuit precedent, a district court must apply a four-pronged test to determine whether to grant motions to dismiss or stay the proceedings and compel arbitration:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be non-arbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir.2000) (citation omitted).

Moving first to the question of whether these parties agreed to arbitrate, there is no dispute that there is an Agent Contract between Plaintiff Jacques C. Pomeroy and Jefferson Pilot Financial and that the Agent Contract includes an arbitration agreement. Defendant Lincoln apparently acquired Jefferson Pilot Financial and is now subject to the Agent Contract. Neither party disputes these facts. Plaintiff JP Agency (dba Pomeroy Financial Services) is not a signatory to the Agent Contract nor does it appear to have any connection to Lincoln, contractually or otherwise.[2] As such Plaintiffs contend that JP Agency is not subject to the arbitration agreement, thus all arbitration should be denied.[3] Lincoln on the other hand argues that JP Agency has no standing to bring any of the alleged tort or contract claims against it because there is no contract or relationship of any kind between JP Agency and Lincoln.

---

[2] At this point in the proceedings the Court has little information about the JP Agency other than the Complaint which states that JP Agency is "an insurance agency and a corporation organized under the laws of the State of Ohio, having its principal place of business in Cincinnati, Ohio." (Comp. ¶ 2) In addition, Plaintiffs stated in their opposition brief that "Pomeroy is the sole owner of Pomeroy Financial Services" and that the "business is exclusively dependent on Pomeroy's professional services." (ECF #7 at p. 5)

[3] Despite Plaintiffs assertion in its brief that JP Agency did not sign the contract, Plaintiffs assert in their Complaint that "Plaintiffs and Defendant were parties to a written contract whereby Plaintiffs sold life insurance policies and services underwritten by Defendant." (Compl. ¶9).

Alternatively, Lincoln argues that if JP Agency has standing it should be bound to the arbitration agreement on three of the five theories recognized by the Sixth Circuit to bind non-signatories to arbitration agreements: agency, veil piercing/alter ego and estoppel. See *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 629 (6th Cir.2003).

In as much as the JP Agency has asserted that it was a party to the Agency Contract, albeit incorrectly, and is attempting to recover its alleged damages as a result of Defendant's alleged breach of the Contract and its alleged tortious acts in contravention of Defendant's duties as established in the Contract, then JP Agency may be bound to the arbitration provision of the Contract under an estoppel theory. Courts have bound nonsignatories to an arbitration agreement under an estoppel theory in situations such as this where the nonsignatory seeks a direct benefit from the Contract but claims not to be bound by the arbitration provision. *Tolbert v. Coast to Coast Dealer Services, Inc*., 789 F.Supp.2d 811, 817 (N.D.Ohio 2011). Thus, in this situation, the JP Agency may be bound by the arbitration provision.

Moving on to the issue of whether Plaintiffs' claims are within the scope of the arbitration provision, Lincoln contends that all of Plaintiffs' claims are covered by the arbitration agreement and that to the extent that the scope of the arbitration provision is in question, that issue is for the arbitrator to decide under the terms of the arbitration provision in this Contract. The Arbitration provision provides in relevant part, that "[t]he arbitrators shall have the authority to determine all disputes, including the applicability of arbitration to the dispute." Parties may agree that arbitrators may decide the question of arbitrability. See *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942-44 (1995). A Court when deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), should apply ordinary state-law principles that

govern the formation of contracts. However, when courts decide whether a party has agreed that arbitrators should decide arbitrability, courts should not assume that the parties agreed to arbitrate arbitrability unless there is "clea[r] and unmistakabl[e]" evidence that they did so. *Id*. at 944 *citing AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986).

In this case it is clear that the parties have agreed to arbitrate arbitrability under the express terms of the arbitration agreement. As such, the Court finds that the question of whether all of Plaintiffs's claims are arbitrable is for the arbitrators in this instance.

The only other objections raised by Plaintiffs to arbitration are the arguments that the arbitration provision is unenforceable as it is unconscionable and/or a contract of adhesion and because the forum selection clause in the arbitration provision violates the doctrine of forum non-conveniens. An arbitration clause may be found to be void where the clause is unconscionable. To demonstrate that an arbitration clause is unenforceable, the party asserting unconscionability must prove that the clause is both substantively and procedurally unconscionable under Ohio law.[4] *Stachurski v. Directv, Inc*., 642 F.Supp.2d 758, 767 (N.D. Ohio 2009) citing *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 908 N.E.2d 408 (2009). See also *Collins v. Click Camera & Video, Inc*., 86 Ohio App.3d 826, 621 N.E.2d 1294, 1299 (1993); *Taylor Bldg. Corp. of Am. v. Benfield*, 884 N.E.2d at 20. Unconscionability consists of both an absence of meaningful choice for the party opposing enforceability of the agreement (procedural unconscionability) combined with contract terms that are unreasonably favorable to the other

---

[4] Both parties refer to Ohio law with respect to the issue of unconscionability, as such the Court presumes that the parties agree that Ohio law applies.

party (substantive unconscionability).

To determine whether an arbitration clause is procedurally unconscionable, courts have considered factors such as whether: (1) the arbitration clause was presented on a "take-it-or-leave-it basis;" (2) a disparity in bargaining power exists between the parties; (3) the arbitration clause was hidden in small print within the document; and (4) one of the parties could unilaterally modify the agreement. *Stachurski*, 642 F.Supp.2d at 767 (citations omitted). The only allegations of unconscionability, either procedural or substantive, made by Mr. Pomeroy are that "Jack Pomeroy had no bargaining position relative to Lincoln with respect to this provision of the Agent Contract" and the requirement that "arbitration be conducted in North Carolina or New Hampshire imposes an undue hardship on Jack Pomeroy relative to Lincoln." (ECF #7 at 18). These bare bones allegations, without specific facts or explanation as to why it would be unconscionable to hold him to an agreement that he voluntarily signed, fail to sustain his burden of proof on this issue. See *Squires Constr. Co. v. Thomas*, 2008 WL 802654, at *6 (Ohio Ct. App. Mar. 25, 2008). Accordingly, Plaintiff's argument that the arbitration clause should be voided as unconscionable is overruled.[5]

---

5

Plaintiff's forum non conveniens argument more properly belongs in his substantive unconscionability allegation. While a court may recognize that enforcement of a forum-selection clause is in an arbitration agreement may be inconvenient and burdensome to the parties in some instances, the Court does not have the authority to invalidate a term of an arbitration agreement simply on the forum non conveniens argument that it is unfair, unreasonable, or inconvenient to one of the parties. *See Management Recruiters Intern., Inc. v. Griffith*, 1992 WL 46100 (N.D.Ohio, Feb. 23, 1992) Under 9 U.S.C. § 4, this Court may only review the "making of the agreement to arbitrate." If the arbitration clause was unconscionable or the product of fraud, then it would be unenforceable and vitiate any consent to personal jurisdiction and venue. Moreover, even if the Court were to consider a forum non conveniens argument with respect to an arbitration clause, forum selection clauses found in contracts are generally enforced unless shown to be unfair or unreasonable. *Security Watch v. Sentinel Systems,*

The final consideration under the *Stout* test, as the third factor involving review of any federal claims is not applicable in this instance, is whether to stay or dismiss this action pending arbitration.  Since the Court has determined that the parties agreed to arbitrate and that the parties agreed that the arbitrators will determine the scope of the arbitrable claims, it follows that the entire action should be dismissed with instructions compelling Plaintiffs to seek arbitration in accordance with the Agent Contract. See *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir.2000) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.") (*quoting Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992)).

## CONCLUSION

For the reasons set forth above, the Motion of Defendant Lincoln National Life Insurance Company to Dismiss, or in the Alternative, to Compel Arbitration (ECF #5) is GRANTED IN PART, in that the Court agrees that Arbitration should be compelled under the terms of the Agent Contract.  As the Arbitrators must decide whether all of Plaintiffs' claims are arbitrable, the entire action must be sent to arbitration.  Accordingly, this action will be dismissed without

---

*Inc.*, 176 F.3d 369 (6th Cir. 1999). Once again, Plaintiff alleges without any support that neither party has any connection to North Carolina or New Hampshire.  However, Plaintiff's own complaint shows otherwise as the settlement negotiations with respect to the previous Trust litigation occurred in North Carolina.  Further, Lincoln notes that Jefferson Pilot and Jefferson Pilot Financial Insurance Co., the actual parties to the Contract, were North Carolina entities that were subsequently merged into Lincoln, thus the Contract, and all the evidence relating to it, is tied to North Carolina. In this case, Plaintiff has made no showing that the forum selection in the arbitration provision is unfair or unreasonable, much less that it was unconscionable.

prejudice.

       IT IS SO ORDERED.


                                                         */s/Donald C. Nugent*  
                                                         DONALD C. NUGENT  
                                                         UNITED STATES DISTRICT JUDGE

DATED:   October 30, 2012